■ In the Matter of TRUMP VILLAGE APARTMENTS ONE OWNER, in Care of APARTMENT MANAGEMENT ASSOCIATES, LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [40 NYS3d 157]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated January 10, 2013, which confirmed a determination of the Rent Administrator dated May 3, 2011, finding, inter alia, that the rent reduction schedules set forth in update No. 1 to New York State Division of Housing and Community Renewal Operational Bulletin 2003-1 were applicable to all rent-regulated tenants at the subject property, the petitioner appeals from a judgment of the Supreme Court, Kings County (Schack, J.),

dated July 18, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of a building located at 2940 Ocean Parkway in Brooklyn, which has 433 rent-regulated apartments. In January 2006, the petitioner filed an application with the respondent, the New York State Division of Housing and Community Renewal (hereinafter the DHCR), to convert the property to individual electric metering and to terminate the inclusion of the cost of electricity in the rent of the tenants at the property. On June 30, 2006, the Rent Administrator (hereinafter the RA) granted the petitioner's application. As a result, the DHCR was required to reduce the tenants' rent pursuant to Rent Stabilization Code (9 NYCRR) § 2522.4 (d), which provides that after a conversion to individual metering, the tenants' rent must be reduced according to rent reduction schedules set forth in operational bulletins periodically published by the DHCR. In the June 30, 2006, determination, the RA used the rent reduction schedules in Operational Bulletin 2003-1 to calculate the tenants' rent reduction. Certain of the tenants filed petitions for administrative review (hereinafter PARs), asserting that the rent reduction schedules in Operational Bulletin 2003-1 were outdated. On April 18, 2008, the Deputy Commissioner for the DHCR denied those tenants' PARs and confirmed the RA's June 30, 2006, determination.

In June 2008, Michael Knee, a tenant in the building, and an organization named Concerned Tenants For Equitable Submetering commenced a CPLR article 78 proceeding to annul the DHCR's April 18, 2008, determination and "remand the matter for further proceedings consistent with such reversal and annulment." They argued in the petition that the DHCR's failure to update Operational Bulletin 2003-1 using data from the 2005 New York City Housing and Vacancy Survey was arbitrary and capricious. While the petition was pending, in September 2008, the DHCR issued update No. 1 to Operational Bulletin 2003-1 (hereinafter update No. 1), which revised the rent reduction schedules set forth in Operational Bulletin 2003-1. In a judgment dated November 14, 2008, the Supreme Court granted the petition and remitted the matter to the DHCR "for issuance of a new determination applying the most recent Operational Bulletin." The court also amended the caption "to eliminate 'Concerned Tenants For Equitable Submetering' leaving Michael Knee as the sole petitioner." The petitioner did not appeal from the judgment dated November 14, 2008.

The DHCR subsequently remitted the matter to the RA to issue a new order applying the revised rent reduction schedules set forth in update No. 1. The parties were given 21 days to submit any arguments or evidence. In response, the petitioner argued that the rent reduction schedules set forth in Operational Bulletin 2003-1 should be applied in this matter, not the revised schedules set forth in update No. 1. It further argued that the judgment dated November 14, 2008, only remitted the matter to the DHCR as to Michael Knee, and not the other tenants.

In a determination dated May 3, 2011, the RA determined that the June 30, 2006, determination should be modified to apply the revised rent reduction schedules set forth in update No. 1 to the tenants at the property. The RA rejected the petitioner's contention that the Supreme Court intended to exclude all of the tenants, with the exception of Michael Knee, when it amended the caption. The petitioner filed a PAR. In a determination dated January 10, 2013, the Deputy Commissioner of the DHCR denied the PAR and confirmed the RA's determination. The petitioner subsequently commenced the instant CPLR article 78 proceeding to review the January 10, 2013, determination. The Supreme Court denied the petition and dismissed the proceeding.

Contrary to the petitioner's contention, the judgment dated November 14, 2008, remitting the matter to the DHCR "for issuance of a new determination applying the most recent Operational Bulletin," was a final judgment, not an order, and was appealable as of right (see *CRP/Extell Parcel I, L.P. v Cuomo*, 27 NY3d 1034, 1036-1037 [2016]; cf. *Matter of DeJesus v Roberts*, 296 AD2d 307, 310 [2002]). While it is true that "[n]o appeal lies as of right from an order in an article 78 proceeding [remitting] a matter to an agency for further nonministerial proceedings" (*Matter of Clermont Tenants Assn. v New York State Div. of Hous. & Community Renewal*, 73 AD3d 658, 658 [2010]), here, the Supreme Court remitted the matter to the DHCR to make a specified finding, and divested the DHCR of any discretion in its redetermination (see *Matter of Mid-Is. Hosp. v Wyman*, 15 NY2d 374, 379-380 [1965]; *Valentin v New York City Police Pension Fund*, 16 AD3d 145, 146 [2005]; cf. *Matter of Arbor Hill Partners v New York State Div. of Hous. & Community Renewal*, 156 AD2d 896, 898 [1989]). Since the petitioner did not appeal from the judgment dated November 14, 2008, its contentions concerning the determinations made in that judgment are not properly before this Court (see *Matter of Tekiara F. [Gayle A.E.]*, 116 AD3d 852, 853 [2014]; *Matter of*

*Braden Food & Drink, Inc. v New York State Liq. Auth.*, 72 AD3d 956, 957 [2010]).

In addition, the Supreme Court properly determined that the petitioner was collaterally estopped from attempting to relitigate, in the instant CPLR article 78 proceeding, the issue of whether the rent reduction schedules in Operational Bulletin 2003-1 must be used to calculate the tenants' rent reduction, which was raised in the prior CPLR article 78 proceeding and decided against the petitioner (*see 74 Eldert, LLC v Sharp*, 138 AD3d 819, 820 [2016]; *Matter of S&R Dev. Estates, LLC v Feiner*, 132 AD3d 772, 773-774 [2015]).

The only issue presented on this appeal is whether the Supreme Court properly concluded that the January 10, 2013, determination of the Deputy Commissioner of the DHCR was neither arbitrary and capricious, nor without a rational basis in the record and a reasonable basis in law (*see* CPLR 7803 [3]; *Matter of Watson v New York State Div. of Hous. & Community Renewal [N.Y.S.D.H.C.R.]*, 109 AD3d 833, 833 [2013]; *Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal*, 37 AD3d 714, 714 [2007]). The court's conclusion was correct. In particular, the Deputy Commissioner properly concluded that the RA complied with the court's directive in the judgment dated November 14, 2008, to apply the rent reduction schedules contained in the most recent operational bulletin, which, at that time, was update No. 1. Moreover, a rational basis existed for the determination that the court's directive to issue a new determination applying the most recent operational bulletin was applicable to all of the tenants, and not just Michael Knee (*see Matter of Netherland Operating Corp. v Eimicke*, 135 AD2d 352, 352-353 [1987]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding (*see Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal*, 136 AD3d 925, 925-926 [2016]; *Matter of Kripalani v State of N.Y. Div. of Hous. & Community Renewal*, 126 AD3d 904, 905-906 [2015]; *Matter of Watson v New York State Div. of Hous. & Community Renewal [N.Y.S.D.H.C.R.]*, 109 AD3d at 834). Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.