Matter of Smolarczyk v Towns (2018 NY Slip Op 07736)





Matter of Smolarczyk v Towns


2018 NY Slip Op 07736


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-04292
 (Index No. 18074/14)

[*1]In the Matter of Sylvester Smolarczyk, et al., appellants, 
v
Darryl C. Towns, etc., respondent; Antoni Kapuscinski, proposed intervenor-respondent.


Steven J. Masef, Kew Gardens, NY, for appellants.
Mark F. Palomino, New York, NY (Aida P. Reyes of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a deputy commissioner of the New York State Division of Housing and Community Renewal dated November 13, 2014, the petitioners appeal from a judgment of the Supreme Court, Kings County (Bernard J. Graham, J.), dated January 27, 2016. The judgment, insofar as appealed from, denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioner Sylvester Smolarczyk (hereinafter the owner) is the prior owner of a rent-stabilized apartment building in Brooklyn. In 2002, the owner filed an application to deregulate the building from rent stabilization based upon an allegedly substantial rehabilitation completed between 1989 and 1991 (hereinafter the prior work). The application was denied by the Rent Administrator. The owner then filed a petition for administrative review of the Rent Administrator's determination. A deputy commissioner for the New York State Division of Housing and Community Renewal (hereinafter the DHCR) denied the petition for administrative review and confirmed the Rent Administrator's determination. In a prior CPLR article 78 proceeding, the Supreme Court annulled the determination and remitted the matter to the DHCR for further proceedings. In a determination dated March 7, 2006 (hereinafter the 2006 determination), a deputy commissioner again confirmed the Rent Administrator's determination. The owner then commenced a second CPLR article 78 proceeding (hereinafter the 2006 article 78 proceeding) to challenge the 2006 determination. The court denied the petition and dismissed the 2006 article 78 proceeding.
In September 2011, the owner filed an application seeking deregulation of the building based upon the prior work and additional work performed in 2008 through 2010 (hereinafter the additional work). In October 2011, the Rent Administrator denied the application. The owner then filed a petition for administrative review of the Rent Administrator's order. On November 13, 2014, a deputy commissioner of the DHCR denied the petition for administrative review and confirmed the Rent Administrator's order (hereinafter the 2014 determination).
The owner and 553 Meeker, LLC, as his assignee (hereinafter together the [*2]petitioners), then commenced this proceeding pursuant to CPLR article 78 to review the 2014 determination. The Supreme Court, upon determining that the petitioners' challenge to the 2014 determination was barred, inter alia, by the doctrine of collateral estoppel based upon the 2006 article 78 proceeding, denied the petition and, in effect, dismissed the proceeding. The petitioners appeal.
To the extent that the 2014 determination denied so much of the petition as was based upon the prior work, the issue of whether the prior work constituted a substantial rehabilitation so as to exempt the building from rent regulation is barred by the doctrine of collateral estoppel (see Matter of Trump Vil. Apts. One Owner v New York State Div. of Hous. & Community Renewal, 143 AD3d 996, 999). "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199). "This doctrine applies only if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party to be bound] had a full and fair opportunity to litigate the issue in the earlier action'" (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128, quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349). Here, the issue of whether the prior work constituted a substantial rehabilitation was litigated and decided against the owner in the 2006 article 78 proceeding, during which the owner had a full and fair opportunity to litigate this issue.
Judicial review of an administrative determination that is not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal, 136 AD3d 925, 926; Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal, 133 AD3d 764, 766; Matter of London Leasing Ltd. Partnership v Division of Hous. & Community Renewal, 98 AD3d 668, 670). " The DHCR's interpretation of the statutes and regulations it administers, if reasonable, must be upheld'" (Matter of Buchanan v New York State Div. of Hous. & Community Renewal, 163 AD3d 961, 961-962, quoting Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d 675, 676; see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 10 NY3d 474, 481).
The Deputy Commissioner's determinations that the additional work was a separate project from the prior work and that the additional work did not qualify as a substantial rehabilitation had a rational basis and were not arbitrary and capricious (see 9 NYCRR 2520.11).
The petitioners' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying the petition and, in effect, dismissing the proceeding.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court