Sang Seok NA v Schietroma (2019 NY Slip Op 04017)





Sang Seok NA v Schietroma


2019 NY Slip Op 04017


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-11656
 (Index No. 704486/14)

[*1]Sang Seok Na, appellant, 
v
Paul H. Schietroma, etc., et al., respondents.


Jonathan Rosenberg, Brooklyn, NY, for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered September 21, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In May 2003, the plaintiff commenced a personal injury action against Greyhound Lines, Inc. (hereinafter the Greyhound action). In December 2005, the law firm of Sivin & Miller, LLP (hereinafter S & M), was substituted as counsel for the plaintiff. The Greyhound action was deemed abandoned on May 10, 2007. In January 2008, the law firm of Sapone & Schietroma, P.C., was substituted as counsel for the plaintiff. In December 2008, the defendant Paul H. Schietroma and his law firm, the defendant Paul H. Schietroma, P.C. (hereinafter together the Schietroma defendants), were substituted as counsel for the plaintiff.
In March 2010, the Schietroma defendants filed a motion on the plaintiff's behalf to restore the Greyhound action to the trial calendar, which was denied. The plaintiff appealed, and this Court affirmed (see Sang Seok Na v Greyhound Lines, Inc., 88 AD3d 980). In June 2012, the plaintiff commenced an action (hereinafter the first legal malpractice action) against S & M, the Schietroma defendants, and Sapone & Schietroma, P.C., alleging, inter alia, that the defendants in that action committed legal malpractice by failing to timely move to restore the Greyhound action to the trial calendar. In an order dated June 30, 2014, the Supreme Court granted that branch of S & M's motion which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred. In an order dated September 17, 2015, the court granted the motion of the Schietroma defendants and Sapone & Schietroma, P.C., for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to raise a triable issue of fact in opposition to their prima facie showing of entitlement to judgment as a matter of law by demonstrating that their alleged negligence did not proximately cause the plaintiff's damages. The plaintiff appealed, and this Court affirmed, concluding that the Schietroma defendants and Sapone & Schietroma, P.C., "met their burden by establishing, prima facie, that their alleged negligence did not proximately cause the plaintiff's damages by showing that the plaintiff would not have succeeded on the merits of the underlying [Greyhound] action," and, in opposition, the plaintiff failed to raise a triable issue of fact (Sang Seok NA v Schietroma, 163 AD3d 597, 599).
In June 2014, the plaintiff commenced this action alleging, inter alia, that the Schietroma defendants were negligent in failing to advise him of a potential legal malpractice claim against S & M arising out of S & M's representation of the plaintiff in the Greyhound action. The Schietroma defendants subsequently moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
A plaintiff in an action alleging legal malpractice must prove that the defendant attorney's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession proximately caused the plaintiff to suffer damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Sang Seok NA v Schietroma, 163 AD3d at 598). To establish proximate causation, the plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the defendant attorney's negligence (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; Kluczka v Lecci, 63 AD3d 796, 797).
Here, the Schietroma defendants established their entitlement to summary judgment dismissing the complaint on the ground that this action was barred by the doctrine of collateral estoppel (see Karimian v Time Equities, Inc., 164 AD3d 486, 489). "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). The doctrine of collateral estoppel applies when: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [internal quotation marks omitted]).
In order for the plaintiff to recover damages for legal malpractice against the Schietroma defendants based on their alleged failure to advise him of a potential legal malpractice claim against S & M, the plaintiff must prove that he would have prevailed in a legal malpractice action against S & M, but for the Schietroma defendants' negligence. In order for the plaintiff to prevail in a legal malpractice action against S & M, the plaintiff must prove that he would have prevailed in the Greyhound action, but for S & M's negligence.
The issue of whether the plaintiff would have succeeded on the merits in the Greyhound action was raised, necessarily decided, and material in the first legal malpractice action, and the plaintiff had a full and fair opportunity to litigate the issue in that action (see Sang Seok NA v Schietroma, 163 AD3d 597). Thus, the Schietroma defendants established, as a matter of law, that their alleged negligence did not proximately cause the plaintiff's damages by showing that the plaintiff would not have prevailed in a legal malpractice action against S & M, and that they were entitled to summary judgment dismissing the complaint based on the doctrine of collateral estoppel (see generally Lamberti v Plaza Equities, LLC, 161 AD3d 841, 841-842; Matter of Trump Vil. Apts. One Owner v New York State Div. of Hous. & Community Renewal, 143 AD3d 996). Accordingly, we agree with the Supreme Court's determination to grant the Schietroma defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.

2016-11656 DECISION & ORDER ON MOTION
Sang Seok Na, appellant, v Paul H. Schietroma, etc.,
et al., respondents.
(Index No. 704486/14)

Motion by the respondents, inter alia, to dismiss an appeal from an order of the Supreme Court, Queens County, entered September 21, 2016, on the ground that no appeal lies from an order entered upon the default of an appealing party. By decision and order on motion of this Court dated April 27, 2018, that branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is denied.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court