Trenton Bus. Assistance Corp. v O'Connell (2021 NY Slip Op 00892)





Trenton Bus. Assistance Corp. v O'Connell


2021 NY Slip Op 00892


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2018-01203
 (Index No. 603126/17)

[*1]Trenton Business Assistance Corporation, etc., appellant,
v
Maureen O'Connell, etc., et al., defendants, Nonie Manion, etc., et al., respondents.


Phillips Lytle LLP, Buffalo, NY (Craig R. Bucki of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu, David S. Frankel, and Eric Del Pozo of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that Tax Law § 253(1) and Not-For-Profit Corporation Law § 1411(f), as applied to the plaintiff, are unconstitutional, the plaintiff appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered December 12, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendants Nonie Manion, in her official capacity as Executive Deputy Commissioner of the New York State Department of Taxation and Finance, and Thomas DiNapoli, in his official capacity as New York State Comptroller, pursuant to CPLR 3211(a) which were to dismiss the causes of action for a judgment declaring that Tax Law § 253(1) and Not-For-Profit Corporation Law § 1411(f), as applied to the plaintiff, violate the Equal Protection Clause and the Commerce Clause of the United States Constitution and the Equal Protection Clause of the New York Constitution.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants Nonie Manion, in her official capacity as Executive Deputy Commissioner of the New York State Department of Taxation and Finance, and Thomas DiNapoli, in his official capacity as New York State Comptroller, which were pursuant to CPLR 3211(a) to dismiss the causes of action for a judgment declaring that Tax Law § 253(1) and Not-For-Profit Corporation Law § 1411(f), as applied to the plaintiff, violate the Equal Protection Clause and the Commerce Clause of the United States Constitution and the Equal Protection Clause of the New York Constitution, and adding thereto provisions deeming those branches of the motion to be for declaratory judgments in those defendants' favor, and thereupon granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to those defendants, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment in accordance herewith.
The plaintiff is a not-for-profit corporation incorporated in New Jersey, and a certified development company under the "504 Loan Program," which is managed by the United States Small Business Administration. The plaintiff commenced this action by filing a complaint alleging, inter alia, that the requirement that, while operating as a certified development company in New York, [*2]it pay a mortgage recording tax pursuant to Tax Law § 253(1), while its New York-based competitors were afforded an exemption under Not-For-Profit Corporation Law § 1411(f), violated the Equal Protection Clause of the United States Constitution (US Const, 14th Amend, § 1), the Commerce Clause of the United States Constitution (US Const, art I, § 8, cl 3), and the Equal Protection Clause of the New York Constitution (NY Const, art I, § 11).
The defendants Nonie Manion, in her official capacity as Executive Deputy Commissioner of the New York State Department of Taxation and Finance, and Thomas DiNapoli, in his official capacity as New York State Comptroller (hereinafter together the State defendants), moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The plaintiff opposed the motion. By order entered December 12, 2017, the Supreme Court, inter alia, granted that branch of the State defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
"[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations and internal quotation marks omitted]). Applying these principles here, as a matter of law, the State defendants were entitled to a declaration in their favor with regard to the first and second causes of action, which alleged violation of the Equal Protection Clauses of the United States and New York Constitutions, respectively.
"[W]here, as here, the challenged legislation does not involve a suspect class or interfere with the exercise of a fundamental right, the scope of judicial review is limited to whether the classification is rationally related to a legitimate governmental objective. As the rational basis standard of review is especially deferential in the area of tax law, equal protection does not prevent the Legislature from treating one class of individuals or entities differently unless the difference is palpably arbitrary or amounts to invidious discrimination. Thus, a classification must be upheld if there is any reasonably conceivable state of facts that could provide a rational basis for the classification" (Terminello v Village of Piermont, 92 AD3d 673, 674 [citations omitted]). Here, the plaintiff failed to demonstrate that there is no "rational basis" for the New York Legislature's determination to limit the availability of the tax exemption under Not-For-Profit Corporation Law § 1411 to those entities incorporated or reincorporated under that section, and to require that other entities, not otherwise exempted, pay a tax for the recording of a mortgage under Tax Law § 253.
"First enacted in 1906, Tax Law § 253 ['Recording Tax'] imposes a [mortgage recording tax] of 50¢ for every $100 of principal debt on each mortgage of real property situated within the state. Payment of the tax is a condition precedent to the proper recording of a mortgage" (Hudson Val. Fed. Credit Union v New York State Dept. of Taxation & Fin., 20 NY3d 1, 2 [footnote omitted]; see Tax Law § 258[1]).
Article 14 of the Not-For-Profit Corporation Law comprises 12 sections, each of which designates a specific type of "Special Not-For-Profit Corporation," including but not limited to "Local development corporations" (see N-PCL 1401-1412). Not-For-Profit Corporation Law § 1411(f) provides that "the income and operations of corporations incorporated or reincorporated under this section shall be exempt from taxation."
It is not disputed that the plaintiff is a not-for-profit corporation formed under the general not-for-profit laws of New Jersey, and that, under its own "certificate of incorporation," the plaintiff "shall be permitted to undertake any activity within the purposes for which corporations may be organized under the New Jersey Nonprofit Corporation Act." Thus, the plaintiff has failed to demonstrate that its exclusion from the tax exemption was based solely on its incorporation in New Jersey, and not, additionally, on its nonconforming business structure.
The third cause of action alleges violation of the Commerce Clause of the United [*3]States Constitution. "Though phrased as a grant of regulatory power to Congress, the [Commerce] Clause has long been understood to have a 'negative' aspect that denies the States the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce (Oregon Waste Systems, Inc. v Department of Environmental Quality of Ore., 511 US 93, 98; see US Const, art I, § 8, cl 3; Matter of Tamagni v Tax Appeals Trib. of State of N.Y., 91 NY2d 530, 539).
"[T]he first step in analyzing any law subject to judicial scrutiny under the negative Commerce Clause is to determine whether it regulates evenhandedly with only incidental effects on interstate commerce, or discriminates against interstate commerce. As we use the term here, discrimination simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter. If a restriction on commerce is discriminatory, it is virtually per se invalid. By contrast, nondiscriminatory regulations that have only incidental effects on interstate commerce are valid unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits" (Oregon Waste Systems, Inc. v Department of Environmental Quality of Ore., 511 US at 99 [citations and internal quotation marks omitted]; see City of New York v State of New York, 94 NY2d 577, 596). "This [first step] requires, at the outset, identification of the similarly situated in-State and out-of-State interests which the tax treats differently" (Matter of Tamagni v Tax Appeals Trib. of State of N.Y., 91 NY2d at 540, quoting General Motors Corp. v Tracy, 519 US 278, 300). "If there is no differential treatment of identifiable, similarly situated in-State and out-of-State interests, there is no dormant Commerce Clause violation" (Matter of Tamagni v Tax Appeals Trib. of State of N.Y., 91 NY2d at 539). "Although competing in different markets or offering different products generally means that entities are not similarly situated, competing in the same market is not sufficient to conclude that entities are similarly situated" (National Assn. of Optometrists & Opticians LensCrafters, Inc. v Brown, 567 F3d 521, 527 [9th Cir] [citation omitted]). "[A] business entity's structure is a material characteristic for determining if entities are similarly situated" (id. at 529). Here, where, as demonstrated above, the plaintiff's business structure does not conform to the requirements of Not-For-Profit Corporation Law § 1411, the plaintiff has not demonstrated that it is "similarly situated" to those "Local development corporations" that receive the tax exemption under Not-For-Profit Corporation Law § 1411(f) (National Assn. of Optometrists & Opticians LensCrafters, Inc. v Brown, 567 F3d at 527; see Matter of Tamagni v Tax Appeals Trib. of State of N.Y., 91 NY2d at 539). Moreover, even domestic corporations that are not incorporated or reincorporated under section 1411 are not entitled to the tax exemption under section 1411(f). Accordingly, the State defendants were entitled to a declaration that the subject statutes, as applied to the plaintiff, did not violate the Commerce Clause of the United States Constitution.
In light of the foregoing, we do not reach the plaintiff's remaining contention.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that Tax Law § 253(1) and Not-For-Profit Corporation Law § 1411(f), as applied to the plaintiff, do not violate the Equal Protection Clause or Commerce Clause of the United States Constitution or the Equal Protection Clause of the New York Constitution (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court