Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers (2021 NY Slip Op 06178)





Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers


2021 NY Slip Op 06178


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2017-07164
 (Index No. 66024/16)

[*1]Mutual Aid Association of the Paid Fire Department of the City of Yonkers, New York, Inc., etc., respondent, 
v
City of Yonkers, et al., appellants, et al., defendants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains, NY (Robert A. Spolzino of counsel), for appellants City of Yonkers, City of Yonkers City Council, and City of Yonkers Department of Housing and Buildings.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Michael J. Schwarz and Peter J. Wise of counsel), for appellant FC Yonkers Associates, LLC.
Silverberg Zalantis, LLC, Tarrytown, NY (Katherine Zalantis and Christie Tomm Addona of counsel), for respondent.



DECISION & ORDER
In an action for declaratory and injunctive relief, the defendants City of Yonkers, City of Yonkers City Council, and City of Yonkers Department of Housing and Buildings appeal, and the defendant FC Yonkers Associates, LLC, separately appeals, from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated May 11, 2017. The order, insofar as appealed from, denied those branches of the motion of the defendants City of Yonkers, City of Yonkers City Council, and City of Yonkers Department of Housing and Buildings, and the separate motion of the defendant FC Yonkers Associates, LLC, which were pursuant to CPLR 3211(a) to dismiss the first through fourth causes of action insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, those branches of the motion of the defendants City of Yonkers, City of Yonkers City Council, and City of Yonkers Department of Housing and Buildings, and the separate motion of the defendant FC Yonkers Associates, LLC, which were pursuant to CPLR 3211(a) to dismiss the first through fourth causes of action insofar as asserted against each of them are deemed to be for declaratory judgments in favor of each of those defendants on those causes of action to the extent those causes of action sought declaratory relief, those branches of the motion and the separate motion are thereupon granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, making the appropriate declarations in favor of each of those defendants in accordance herewith.
This action, and two related proceedings (see Matter of Mutual Aid Assn. of the Paid [*2]Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers Zoning Board of Appeals, _____ AD3d _____ [Appellate Division Docket No. 2018-09970; decided herewith]; Matter of Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers Zoning Board of Appeals, _____ AD3d _____ [Appellate Division Docket No. 2019-04925; decided herewith]), concern an 81.4-acre mixed-use development in the City of Yonkers known as Ridge Hill. Among the potential adverse environmental impacts identified during a review undertaken pursuant to the State Environmental Quality Review Act (hereinafter SEQRA) was a reduced capacity for fire protection services. Accordingly, the defendant City of Yonkers City Council (hereinafter the City Council), as lead agency, recognized in its 2005 SEQRA Findings Statement that "[t]he mitigation of impacts on fire protection will be accomplished by improvements to the infrastructure and the addition of new fire fighting and supervisory personnel." The City Council also adopted a Supplemental Findings Statement in 2006 setting forth conditions under which the defendant FC Yonkers Associates, LLC (hereinafter FC Yonkers), as project sponsor, would be required to fund up to $3 million of costs relating to the construction of a new firehouse to serve Ridge Hill. Construction of the residential and commercial improvements thereafter proceeded at Ridge Hill in accordance with subsequently issued approvals and permits without issue.
In October 2016, as tenants began to occupy the improvements at Ridge Hill, the plaintiff, a union representing active firefighters in the City of Yonkers, commenced this action. Among the named defendants were the City Council, the City, the City of Yonkers Department of Housing and Buildings (hereinafter collectively the City defendants), and FC Yonkers. The plaintiff sought in the first through third and fifth causes of action a judgment declaring, in effect, that the City defendants are in violation of SEQRA and other legal duties by failing to construct a new firehouse to serve Ridge Hill. The fourth cause of action sought, among other things, a similar declaration against FC Yonkers.
The City defendants and FC Yonkers separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. They argued, among other things, that the SEQRA documents and City Council resolutions allegedly mandating the construction of a new firehouse did not contain any such requirement. In an order dated May 11, 2017, the Supreme Court, among other things, agreed with the plaintiff's interpretation of the SEQRA documents and City Council resolutions, and denied those branches of the separate motions which were pursuant to CPLR 3211(a) to dismiss the first through fourth causes of action insofar as asserted against the City defendants and FC Yonkers. The City defendants and FC Yonkers appeal.
As a threshold matter, the Supreme Court properly determined that the plaintiff has standing to assert its SEQRA-related causes of action (see Matter of Sierra Club v Village of Painted Post, 26 NY3d 301, 310-311; Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 305-306).
"It is well settled that SEQRA 'is a legislative attempt to ensure that state and local agencies consider the environmental impact of their proposed actions'" (Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 923, quoting Matter of Spitzer v Farrell, 100 NY2d 186, 190). "'Judicial review of an agency determination under SEQRA is limited to whether the agency procedures were lawful and whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination'" (Matter of Youngewirth v Town of Ramapo Town Bd., 155 AD3d 755, 758, quoting Matter of Village of Kiryas Joel, N.Y. v Village of Woodbury, N.Y., 138 AD3d 1008, 1011-1012).
"'A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration'" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150, quoting Staver Co. v Skrobisch, 144 AD2d 449, 450). "However, upon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a [*3]declaration in [the] defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations and internal quotation marks omitted]; see Trenton Bus. Assistance Corp. v O'Connell, 191 AD3d 817, 819).
Here, the City defendants and FC Yonkers established their entitlement to declarations in their favor with regard to the first through fourth causes of action, and also established that those causes of action fail to set forth cognizable causes of action for injunctive relief insofar as asserted against each of them. Those causes of action fail to allege that any agency determination made pursuant to SEQRA was procedurally or substantively deficient in any way. Moreover, although the City Council's adoption of the Findings Statement and Supplemental Findings Statement pursuant to SEQRA committed it to require that certain mitigation measures be implemented as conditions for approval of subsequent actions (see 6 NYCRR 617.11[d][5]), those mitigation measures unambiguously did not include the construction of a new firehouse. Specifically, the Findings Statement explains that the adverse impacts on fire protection "will be accomplished by . . . the addition of new fire fighting and supervisory personnel," as well as "improvements to the infrastructure." Contrary to the plaintiff's interpretation, these improvements to the infrastructure were first specified in the Draft Environmental Impact Statement as "two mobile air quality detection units" to improve protection against hazardous materials incidents, "major improvements" to nearby roads and highways to "significantly improve[ ]" access for emergency vehicles to the Ridge Hill site, a "new 16 inch water main" to "assure adequate pressure for emergency conditions," and the use of certain modern fireproofing in the construction of the new buildings at Ridge Hill. By contrast, the construction of a new firehouse is expressly identified as a measure that "may need" to be "consider[ed]" alongside these specified infrastructure improvements (emphasis added). FC Yonkers' financial obligations, which are detailed in the Supplemental Findings Statement, are also limited in time and expressly conditioned upon the City defendants' provision of land and permits for the purpose of constructing a new firehouse. There is no dispute that these conditions precedent have not been satisfied.
The parties' remaining contentions are without merit.
Accordingly, on their respective motions, the City defendants and FC Yonkers established their entitlement to relief with respect to the first through fourth causes of action insofar as asserted against each of them. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, making the appropriate declarations in favor of the City defendants and FC Yonkers (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court