Matter of Santomero v Town of Bedford (2022 NY Slip Op 02552)

Matter of Santomero v Town of Bedford

2022 NY Slip Op 02552

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2019-01079
 (Index No. 62222/17)

[*1]In the Matter of Camillo M. Santomero, et al., respondents, 
v
Town of Bedford, et al., appellants.

Keane & Beane, P.C., White Plains, NY (Eric L. Gordon, Judson K. Siebert, Joel H. Sachs, and Amanda L.T. Magana of counsel), for appellants.
Hollis Laidlaw & Simon, P.C., Mount Kisco, NY (P. Daniel Hollis III, David Simon, and Lee J. Lefkowitz of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the respondents/defendants appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated December 11, 2018. The order and judgment, insofar as appealed from, in effect, declared that the enactment of Local Law No. 1-2017 of the Town of Bedford violated procedural due process and remitted the matter to the Town Board of the Town of Bedford for hearings, on notice, as to each property listed on a survey adopted by Local Law No. 1-2017 of the Town of Bedford that designated those properties as Historic Buildings.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an amended order and judgment, inter alia, declaring that the enactment of Local Law No. 1-2017 of the Town of Bedford did not violate procedural due process.
In 2017, the Town Board of the Town of Bedford (hereinafter the Town Board) enacted Local Law No. 1-2017, titled the "Historic Building Preservation Law of the Town of Bedford" (hereinafter the 2017 local law). The 2017 local law amended an earlier Historic Building Preservation Law that was enacted by the Town Board in 2003. These local laws prohibit the owners of certain designated "Historic Buildings" in the Town of Bedford from demolishing or making substantial alterations to those buildings without a permit, and create a procedure for the issuing of permits for demolishing or making substantial alterations to those buildings. "Historic Building" is defined by the 2017 local law to include dwellings, commercial buildings, and certain accessory buildings that are included in a Survey of Historic Buildings (hereinafter the Survey) that was adopted by the Town Board as part of the 2017 local law, and annexed thereto. The Survey was created by the Town of Bedford Historic Building Preservation Commission (hereinafter the HBPC).
In accordance with the 2017 local law, properties included on the Survey are categorized as Tier 1, Tier 2, or Unregulated Historic Buildings. The 2017 local law requires the Town Board to designate a building as a Tier 1 Historic Building if, among other things, it was constructed in the year 1900 or earlier and is substantially intact, is listed on the National Register for Historic Places, exemplifies or possesses special character or historic or aesthetic interest of value as part of the history of the Town, is identified with persons or events significant in local, state, or national history, or embodies the distinguishing characteristics of a type, period, or method of construction or design style. Where a property owner seeks to make substantial alterations to a Tier [*2]1 Historic Building which are not deemed "as-of-right actions," the building inspector must refer the application for such alterations to the HBPC. The HBPC then determines whether a permit should be issued.
The petitioners/plaintiffs are the owners of real property which is included in the Survey and designated a Tier 1 Historic Building. The petitioners/plaintiffs commenced this proceeding/action against the Town and the Town Board seeking, inter alia, a judgment declaring that the enactment of the 2017 local law violated procedural due process and annulling the Town Board's adoption of the Survey. In an order and judgment dated December 11, 2018, the Supreme Court, among other things, in effect, declared that the enactment of the 2017 local law violated procedural due process and remitted the matter to the Town Board for hearings, on notice, as to each property listed on the Survey. The respondents/defendants appeal.
Initially, we note that, contrary to the contention of the petitioners/plaintiffs, the order and judgment appealed from was appealable as of right (see Matter of Trump Vil. Apts. One Owner v New York State Div. of Hous. & Community Renewal, 143 AD3d 996, 998-999).
The Supreme Court erred in determining that the enactment of the 2017 local law violated procedural due process. "Legislative enactments enjoy a strong presumption of constitutionality . . . [and] parties challenging a duly enacted statute face the initial burden of demonstrating the statute's invalidity beyond a reasonable doubt" (Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d 586, 593 [internal quotation marks omitted]; see LaValle v Hayden, 98 NY2d 155, 161). "The exceedingly strong presumption of constitutionality applies . . . to ordinances of municipalities" (Lighthouse Shores v Town of Islip, 41 NY2d 7, 11; see Matter of Turner v Municipal Code Violations Bur. of City of Rochester, 122 AD3d 1376, 1377). The Fifth and Fourteenth Amendments to the United States Constitution guarantee due process protections for life, liberty, and property (see US Const Amends V, XIV). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property" (Board of Regents of State Colleges v Roth, 408 US 564, 569).
Here, the petitioners/plaintiffs failed to identify any constitutionally protected property interest that was implicated in the enactment of the 2017 local law and, thus, the petitioners/plaintiffs were not entitled to a hearing prior to the enactment of that law (see Curiale v Arda Ins. Co., 88 NY2d 268, 277; Matter of Macina v North Salem Cent. School Dist., 221 AD2d 538; Meyers v City of New York, 208 AD2d 258; Matter of Ragone v Board of Educ. of City of N.Y., 194 AD2d 731). Contrary to the petitioners/plaintiffs' contention, the 2017 local law did not require property owners to submit to warrantless searches of their properties in order to challenge a property's classification or inclusion on the Survey. Accordingly, the Supreme Court erred when it, in effect, declared that the enactment of the 2017 local law violated procedural due process and directed individual hearings for each property included on the Survey.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County for the entry of an amended order and judgment, inter alia, declaring that the enactment of the 2017 local law did not violate procedural due process (see Lanza v Wagner, 11 NY2d 317, 334).
The petitioners/plaintiffs' remaining contentions are not properly before us as they did not appeal from the order and judgment (see Matter of Anderson v Board of Educ. of the Oyster Bay-E. Norwich Cent. Sch. Dist., 186 AD3d 597, 599; HSBC Bank USA, N.A. v Estick, 178 AD3d 783, 784; Matter of Trump Vil. Apts. One Owner v New York State Div. of Hous. & Community Renewal, 143 AD3d at 998).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.

2019-01079 DECISION & ORDER ON MOTION
In the Matter of Camillo M. Santomero, et al.,
respondents, v Town of Bedford, et al., appellants.
(Index No. 62222/17)

Motion by the petitioners/plaintiffs, inter alia, to dismiss an appeal from an order and judgment of the Supreme Court, Westchester County, dated December 11, 2018, on the grounds that the paper appealed from is a nonfinal order and the respondents/defendants were not aggrieved thereby. By decision and order on motion dated January 16, 2020, that branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument and submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is denied.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court