McCarthy v County of Nassau, N.Y. (2024 NY Slip Op 04132)

McCarthy v County of Nassau, N.Y.

2024 NY Slip Op 04132

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2020-07979
 (Index No. 607458/20)

[*1]Sean M. McCarthy, appellant, 
v
County of Nassau, New York, et al., respondents, et al., defendants.

Sean M. McCarthy, Massapequa, NY, appellant pro se.
Calcaterra Law P.C., New York, NY (Regina Calcaterra and James A. Aliaga of counsel), for respondents.

DECISION & ORDER
In a hybrid action, inter alia, for a judgment declaring that the Nassau County Reassessment Phase-In Act of 2020 violates the Equal Protection and Due Process Clauses of the United States and New York Constitutions and article XVI, § 2 of the New York Constitution, and proceeding pursuant to CPLR article 78, the plaintiff/petitioner appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered October 7, 2020. The order, insofar as appealed from, denied the plaintiff/petitioner's motions for a preliminary injunction enjoining the defendants/respondents County of Nassau, New York, Nassau County Department of Assessment, Assessment Review Commission, Laura Curran, and David F. Moog from levying and collecting taxes pursuant to the Nassau County Reassessment Phase-In Act of 2020, and granted the motion of the defendants/respondents County of Nassau, New York, Nassau County Department of Assessment, Assessment Review Commission, Laura Curran, and David F. Moog pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the complaint/petition insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants/respondents County of Nassau, New York, Nassau County Department of Assessment, Assessment Review Commission, Laura Curran, and David F. Moog which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action for a judgment declaring that the Nassau County Reassessment Phase-In Act of 2020 violates the Equal Protection and Due Process Clauses of the United States and New York Constitutions and article XVI, § 2 of the New York Constitution, and adding thereto a provision deeming that branch of the motion to be for a declaratory judgment in those defendants/respondents' favor, and thereupon granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants/respondents County of Nassau, New York, Nassau County Department of Assessment, Assessment Review Commission, Laura Curran, and David F. Moog, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the Nassau County Reassessment Phase-In Act of 2020 does not violate the Equal Protection and Due Process Clauses of the United States and New York Constitutions and article XVI, § 2 of the New York Constitution.
The centerpiece of this matter is the Nassau County Reassessment Phase-In Act of [*2]2020 (hereinafter the Act). The Act phases in, over a period of five years, increases to Nassau County property assessments that were instituted through a county-wide property reassessment commenced in 2018. The Act does this by creating a partial tax exemption that diminishes to zero over a five-year period, without changing the underlying assessment of a property. However, the Act excludes improvements to properties from the exemption because, as the newly created improvements were not previously assessed, there was no change from any prior tax to mitigate. The plaintiff/petitioner (hereinafter the plaintiff) is a resident and property owner in the County—he purchased property improved by a newly constructed single-family residence in Massapequa. Since the plaintiff's property was considered newly constructed as of 2018, the new improvement exclusion to the Act's phase-in exemption applied, and therefore, the plaintiff's property did not qualify for the five-year real property tax increase phase-in. Instead, the plaintiff saw his real property tax bill suddenly increase while other purportedly similarly situated properties qualified for the Act's phase-in exemption without falling under the new improvement exclusion.
The plaintiff commenced this hybrid action, inter alia, for a judgment declaring that the Act violates the Equal Protection and Due Process Clauses of the United States and New York Constitutions and article XVI, § 2 of the New York Constitution, and proceeding pursuant to CPLR article 78. The plaintiff also asserted a cause of action pursuant to 42 USC § 1983 and sought injunctive relief. The plaintiff made two separate motions for a preliminary injunction enjoining the defendants/respondents County of Nassau, New York, Nassau County Department of Assessment, Assessment Review Commission, Laura Curran, and David F. Moog (hereinafter collectively the County defendants) from levying and collecting taxes pursuant to the Act. The County defendants moved pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the complaint/petition insofar as asserted against them. In order entered October 7, 2020, the Supreme Court, inter alia, denied the plaintiff's motions and granted the County defendants' motion. The plaintiff appeals.
"'[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly'" (Trenton Bus. Assistance Corp. v O'Connell, 191 AD3d 817, 819, quoting Neuman v City of New York, 186 AD3d 1523, 1525). Applying these principles here, as a matter of law, the County defendants were entitled to a declaration in their favor with regard to the causes of action for a judgment declaring that the Act violates the Equal Protection and Due Process Clauses of the United States and New York Constitutions and article XVI, § 2 of the New York Constitution.
"'[W]here, as here, the challenged legislation does not involve a suspect class or interfere with the exercise of a fundamental right, the scope of judicial review is limited to whether the classification is rationally related to a legitimate governmental objective. As the rational basis standard of review is especially deferential in the area of tax law, equal protection does not prevent the Legislature from treating one class of individuals or entities differently unless the difference is palpably arbitrary or amounts to invidious discrimination. Thus, a classification must be upheld if there is any reasonably conceivable state of facts that could provide a rational basis for the classification'" (Trenton Bus. Assistance Corp. v O'Connell, 191 AD3d at 819, quoting Terminello v Village of Piermont, 92 AD3d 673, 674). In essence, the doctrine of substantive due process prevents the deprivation of life, liberty, or property for arbitrary reason (see Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 59; Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 627), whereas procedural due process guarantees notice and an opportunity to be heard prior to government infringement upon those interests protected by the Fifth and Fourteenth Amendments of the United States Constitution and the New York Constitution's counterpart, i.e., life, liberty, and property (see County of Sacramento v Lewis, 523 US 833, 840; Matter of Santomero v Town of Bedford, 204 AD3d 925, 927).
Here, the plaintiff failed to demonstrate that there is no rational basis for the Act's exclusion of newly improved property like the plaintiff's property from the mitigating benefits of the five-year real property tax increase phase-in exemption (see Trenton Bus. Assistance Corp. v [*3]O'Connell, 191 AD3d at 819). Rather, the record establishes that the Act serves the legitimate legislative goal to protect a certain class of property owners from sudden dramatic tax increases (see Tax Equity Now NY LLC v City of New York, 182 AD3d 148, 165, mod ____ NY3d ____, 2024 NY Slip Op 01498). Further, under these circumstances, it cannot be said that the Act arbitrarily deprives the plaintiff of life, liberty, or property, or was enacted in violation of procedural due process (see Matter of Santomero v Town of Bedford, 204 AD3d at 927-928).
The County defendants were additionally entitled to a judgment declaring that the Act does not violate the proscription in New York Constitution article XVI, § 2 against assessing real property in excess of full value, because article XVI, § 2 does not apply to the County, and, in any event, the Act does not result in a valuation of the plaintiff's property in excess of full value (see Tax Equity Now NY LLC v City of New York, 182 AD3d at 163; Tilles Inv. Co. v Gulotta, 288 AD2d 303, 305-306).
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Benjamin v Yeroushalmi, 212 AD3d 758, 760 [internal quotation marks omitted]). "Where evidentiary materials are considered in support of a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the court must determine whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Recine v Recine, 201 AD3d 827, 830 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). Whether a complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove his or her claims, plays no part in the determination of a prediscovery motion to dismiss pursuant to CPLR 3211(a)(7) (see Maursky v Latham, 219 AD3d 473, 475).
Under 42 USC § 1983, a local governmental entity may be held liable for its own violations of a plaintiff's constitutional rights (see Holland v City of Poughkeepsie, 90 AD3d 841, 847). Here, the complaint/petition failed to state a cause of action alleging that the County defendants deprived the plaintiff of his constitutional rights with the Act's enactment, and therefore, the Supreme Court properly granted that branch of the County defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the 42 USC § 1983 cause of action insofar as asserted against them (see Brown v City of New York, 192 AD3d 963; Sonne v Board of Trustees of Vil. of Suffern, 67 AD3d 192, 202).
The plaintiff's remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the Act does not violate the Equal Protection and Due Process Clauses of the United States and New York Constitutions and article XVI, § 2 of the New York Constitution (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court