spondent the funds to which it was entitled after the arbitrators' award became final (former Code of Professional Responsibility DR 9-102 [c] [4] [22 NYCRR 1200.46 (c) (4)] [now Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (c) (4)]).*

In short, petitioner both deprived itself of the use of the funds awarded to it and deprived respondent of the use of the balance of the funds being held in escrow. Under settled law, petitioner's statutory right to interest is far from absolute. To the contrary, as then Justice Bergan stated for a panel of this Court, "The holder of the judgment may be estopped by equitable considerations, or by his own acts, from enforcing the interest which the statute gives him" (*Feldman v Brodsky*, 12 AD2d 347, 350, 351 [1961] ["Interest may be cut off because of some action by the judgment creditor which would make it inequitable or oppressive that he get interest on his judgment, e.g., his refusal to accept a tender"], *affd* 11 NY2d 692 [1962]; *see also Matter of Venables v Painewebber, Inc.*, 205 AD2d 788, 789 [1994]). Given the "special and unique duties" petitioner owed to respondent, including "safeguarding client property and honoring the client['s] interests over [its own]" (*Matter of Cooperman*, 83 NY2d 465, 472 [1994]), we think it would be particularly inequitable to require respondent to pay statutory interest to petitioner and thus recompense petitioner for its own failure to pay itself.

Because petitioner was holding more than the $280,000 it was awarded by the arbitrators on the date the award became payable, March 13, 2007, respondent is entitled to the balance that would have remained in the escrow account after payment of the award on that date, with interest on such balance from that date. In addition, because Supreme Court erred in awarding interest to petitioner and respondent was thereby required to pay an additional sum to petitioner to satisfy the judgment, respondent is entitled to the amount it paid over $280,000 to satisfy the judgment, with interest from the date the sum was paid. Concur—Saxe, J.P., Buckley, McGuire, DeGrasse and Freedman, JJ.

■ FIDELITY NATIONAL TITLE INSURANCE COMPANY et al., Appellants, and SHEILA FERRARI et al., Intervenors-Appellants, v

---

* On April 13, 2007, when respondent refused to supply the releases, its attorney transmitted to petitioner a signed authorization for respondent and stated "feel free to make the [$280,000] distribution to your firm today, and send the check for . . . the remaining balance to our office." Although petitioner contends that the authorization contained an inaccurate statement about the underlying action in which it represented respondent, we note that the authorization did not purport to require the signature of a representative of petitioner.

REGENT ABSTRACT SERVICES, LTD., et al., Respondents, and NEW YORK LIFE INSURANCE COMPANY, Respondent. [895 NYS2d 359]—

Judgment and order (one paper), Supreme Court, New York County (Edward H. Lehner, J.), entered January 12, 2009, which granted respondent New York Life Insurance Company's cross motion to dismiss the petition brought pursuant to CPLR 5225 seeking an order directing respondent to release to petitioners the full value of the life insurance policy covering decedent's life, owing to Regent Abstract Services, Ltd., unanimously affirmed, without costs.

The IAS court correctly held that the subject insurance policy, which had lapsed for nonpayment of premiums, was not reinstated prior to decedent's death. The policy expressly required that the insured be alive at the time it received a past due premium in order for the policy to be reinstated. The policy lapsed on February 27, 2008. The insurer, New York Life Insurance Company, received the overdue premium payment on March 6, 2008; however, the decedent died in the interim, on March 3, 2008. Since a condition for reinstatement was not met, the policy could not be revived (*see Scott v American Republic Life Ins. Co. of N.Y.*, 88 AD2d 949 [1982]).

Petitioners' and cross-petitioners' reliance on the "postal acceptance rule" for payment is misplaced because here the policy specifically required receipt while the insured was alive in order for the policy to be reinstated (*compare Government Empls. Ins. Co. v Solaman*, 157 Misc 2d 737 [1993]).

We have considered petitioners' and cross-petitioners' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL SANTANA, Appellant. [894 NYS2d 408]—

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered July 11, 2008, as amended August 26, 2008, convicting defendant, after a nonjury trial, of attempted murder in the second degree, assault in the first degree (two counts) and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The requisite intent for the attempted murder and first-degree assault convictions could