■ RICHARD BENNETT et al., Appellants, v STATE FARM FIRE AND CASUALTY COMPANY et al., Defendants, and HOLZMACHER, MCLENDON & MURRELL, P.C., Respondent. [26 NYS3d 554]—

In an action, inter alia, to recover damages for negligence and pursuant to Navigation Law article 12, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Palmieri, J.), dated October 16, 2014, which granted the motion by the defendant Holzmacher, McLendon & Murrell, P.C., pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging tortious interference with contract, aiding and abetting breach of fiduciary duty, and fraud, and the claim for punitive damages insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted that branch of the motion of the defendant Holzmacher, McLendon & Murrell, P.C. (hereinafter H2M), pursuant to CPLR 3211 (a) (7) which was to dismiss the cause of action alleging tortious interference with contract insofar as asserted against it. The complaint alleges that H2M tortiously interfered with a contract between the plaintiffs and the defendant Milro Associates, Inc. (hereinafter Milo). However, the complaint fails to plead the terms of the alleged underlying contract between the plaintiffs and Milro, and any specific breach thereof (*see Braunstein v Braunstein*, 132 AD3d 620 [2015]; *Robert Wayne Distribs. v Noonan*, 204 AD2d 421 [1994]).

The Supreme Court also properly granted that branch of H2M's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the cause of action to recover damages for aiding and abetting a breach of fiduciary duty insofar as asserted against it. The complaint alleges that H2M and the defendant State Farm Fire and Casualty Company aided a breach of fiduciary

duty running from Milro to the plaintiffs. However, the complaint fails to plead facts that would give rise to the existence of a fiduciary duty (*see Cornwell v NRT N.Y. LLC*, 95 AD3d 637 [2012]; *see generally WIT Holding Corp. v Klein*, 282 AD2d 527, 529 [2001]), a necessary element of this cause of action (*see Baron v Galasso*, 83 AD3d 626, 629 [2011]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23 [2008]; *Kaufman v Cohen*, 307 AD2d 113, 126 [2003]).

With respect to the cause of action alleging fraud against H2M, the Supreme Court properly found that the complaint fails to plead this cause of action with the requisite specificity (*see* CPLR 3016 [b]; *Fulton v Hankin & Mazel, PLLC*, 132 AD3d 806 [2015]; *Brualdi v IBERIA, Lineas Aereas de España, S.A.*, 79 AD3d 959, 961 [2010]; *Dumas v Fiorito*, 13 AD3d 332, 333 [2004]). Thus, the Supreme Court properly granted that branch of H2M's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the cause of action alleging fraud insofar as asserted against it.

Finally, with respect to the claim for punitive damages against H2M, the complaint fails to plead conduct on the part of H2M that would potentially justify an award of punitive damages (*see Dupree v Giugliano*, 20 NY3d 921, 924 [2012]; *Marinaccio v Town of Clarence*, 20 NY3d 506, 511 [2013]; *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]; *Jones v LeFrance Leasing Ltd. Partnership*, 127 AD3d 819, 821 [2015]). Accordingly, the Supreme Court properly granted that branch of H2M's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the claim for punitive damages insofar as asserted against it. The plaintiffs' contention that they should be permitted to replead the claim for punitive damages, raised for the first time on appeal, is not properly before this Court. Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.