Neuman v City of New York (2020 NY Slip Op 05052)





Neuman v City of New York


2020 NY Slip Op 05052


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2019-03929
 (Index No. 716291/17)

[*1]Lisa Neuman, appellant,
v
City of New York, et al., respondents.


Jonathan E. Neuman, Fresh Meadows, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and Julie Steiner of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that certain provisions of the Administrative Code of the City of New York and the Rules of the City of New York are unconstitutional, the plaintiff appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered February 5, 2019. The order granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action in the amended complaint, and adding a provision thereto deeming that branch of the motion to be for a declaratory judgment in the defendants' favor, and thereupon granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment in accordance herewith.
The plaintiff is the owner of a one-family home in Queens County, which has a private elevator. The elevator has been present in the plaintiff's home since the 1990s. Beginning in or around 2011, the plaintiff received notices from the New York City Department of Buildings stating that, since 2009, the plaintiff had failed to perform a mandated periodic "elevator inspection/test" for her elevator in violation of Administrative Code of the City of New York § 28-304.6.1. Administrative Code § 28-304.6.1, which took effect in 2008, requires, in sum, that private elevators located in owner-occupied dwellings be tested annually. Pursuant to Rules of City of New York Department of Buildings (1 RCNY) § 103-02(h)(1), adopted in late 2010, an owner who fails to file the "periodic inspection and test report" for their elevator is subject to a civil penalty of $1,000 per year per elevator. Seven violations, amounting to $7,000, were filed against the plaintiff's property for her alleged failure to comply with the testing requirements of Administrative Code § 28-304.6.1 for the years 2009 through 2015.
In 2017, the plaintiff commenced this action against the defendants, City of New York and New York City Department of Buildings, seeking a judgment declaring, inter alia, that Administrative Code § 28-304.6.1 and Rules of City of New York Department of Buildings (1 [*2]RCNY) § 103-02 are unconstitutional (the first cause of action), and alleging causes of action to recover damages for breach of contract (the second cause of action) and promissory estoppel (the third cause of action). The defendants thereafter moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint. By order entered February 5, 2019, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint. The plaintiff appeals.
"'A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration'" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150, quoting Staver Co. v Skrobisch, 144 AD2d 449, 450; see Rockland Light & Power Co. v City of New York, 289 NY 45, 51; Laundry Palace U, Inc. v Nassau County, 183 AD3d 879, 880). "[W]here a cause of action is sufficient to invoke the court's power to 'render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy' (CPLR 3001; see CPLR 3017[b]), a motion to dismiss that cause of action should be denied" (Matter of Tilcon, N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150; see Laundry Palace U, Inc. v Nassau County, 183 AD3d at 880; Guthart v Nassau County, 178 AD3d 777, 778). However, upon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where "'no questions of fact are presented [by the controversy]'" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150, quoting Hoffman v City of Syracuse, 2 NY2d 484, 487; see Minovici v Belkin BV, 109 AD3d 520, 524; DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d 725, 728). Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action "should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Siegel & Connors, NY Prac § 440 [6th ed 2018 Update]; see Lanza v Wagner, 11 NY2d 317, 334; North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d 885, 890; Minovici v Belkin BV, 109 AD3d at 524; DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d at 728; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150).
Applying these principles here, as a matter of law, the defendants were entitled to a declaration in their favor with regard to the first cause of action.
Administrative Code § 28-304.6.1 and 1 RCNY 103-02 do not violate the plaintiff's right to substantive due process. Legislative enactments enjoy a strong presumption of constitutionality (see LaValle v Hayden, 98 NY2d 155, 161; Matter of Van Berkel v Power, 16 NY2d 37, 40; Korotun v Incorporated Vil. of Bayville, 26 AD3d 311, 312-313). Where the challenged legislation does not interfere with the exercise of a fundamental right, judicial review is limited to whether the legislation is rationally related to a legitimate state interest (see People v Knox, 12 NY3d 60, 67; see also Washington v Glucksberg, 521 US 702, 722; Myers v Schneiderman, 30 NY3d 1, 16). "A legitimate governmental purpose is, of course, one which furthers the public health, safety, morals or general welfare" (Fred F. French Inv. Co. v City of New York, 39 NY2d 587, 596).
Here, neither Administrative Code § 28-304.6.1 nor 1 RCNY 103-02 interfere with the exercise of a fundamental right (see People v Knox, 12 NY3d at 67). Therefore, judicial review is limited to whether the testing requirement for private elevators located in owner-occupied dwellings is rationally related to a legitimate state interest (see id.).
The stated purpose of title 28 of the Administrative Code is to ensure that "owners" maintain elevators on their property in a "safe" and "code-compliant manner" so as to ensure that the structure is "maintained in a safe condition" (Administrative Code § 28-301.1). The testing and inspection requirement, in particular, is to ensure that elevators are in safe operating condition and "have not worn to such an extent as to affect the safe and reliable operation of the installation" (Administrative Code § 28-304.6.2). Such requirements are reasonably related to the Administrative Code's goal of ensuring that elevators are maintained in a safe condition, which in turn is rationally related to the legitimate state interest of furthering public safety (see Fred F. French Inv. Co. v City of New York, 39 NY2d at 596).
Similarly, Administrative Code § 28-304.6.1 and 1 RCNY 103-02 do not violate the plaintiff's right to equal protection as a homeowner. "[A] violation of equal protection arises where first, a person (compared with others similarly situated) is selectively treated and second, such treatment is based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person" (Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 631 [emphasis omitted]). Where "the challenged legislation does not involve a suspect class or interfere with the exercise of a fundamental right, the scope of judicial review" on an equal protection claim "is limited to whether the classification is rationally related to a legitimate governmental objective" (Terminello v Village of Piermont, 92 AD3d 673, 674; see Country Bank v Broderick, 120 AD3d 463, 464-465). Here, the plaintiff was not being selectively treated based on any impermissible consideration (see Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 492-493; Bower Assoc. v Town of Pleasant Val., 2 NY3d at 631). In addition, for the reasons stated above, Administrative Code § 28-304.6.1 was rationally related to the legitimate state interest of ensuring that elevators are properly maintained and otherwise safe for use (see Fred F. French Inv. Co. v City of New York, 39 NY2d at 596).
Additionally, contrary to the plaintiff's contention, Administrative Code § 28-304.6.1 and 1 RCNY 103-02 are not unconstitutionally vague. A plain reading of these provisions insofar as they relate to the testing requirement for owner-occupied dwellings with a private elevator are sufficiently definite to provide a person of ordinary intelligence with fair notice of the conduct required and to prevent arbitrary enforcement (see People v Bright, 71 NY2d 376, 382; Town of Islip v Caviglia, 141 AD2d 148, 163-164, affd 73 NY2d 544).
Further, Administrative Code § 28-304.6.1 and 1 RCNY 103-02 are not unconstitutionally retroactive because they apply to elevators in existence prior to the date that they took effect. Administrative Code § 28-304.6.1 expressly imposes the subject testing requirement effective as of the date of its enactment in 2008. Contrary to the plaintiff's contention, the regulation is not retroactive merely because it applies to elevators which are already in existence (see Matter of St. Clair Nation v City of New York, 14 NY3d 452, 457).
We agree with the Supreme Court's determination to grant those branches of the defendants' motion which were to dismiss the second cause of action to recover damages for breach of contract and the third cause of action to recover damages for promissory estoppel. A timely notice of claim is a condition precedent to maintaining an action against the City of New York (see Administrative Code § 7-201; see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 547). Here, the notice of claim attached to the complaint fails to include any allegations relating to the plaintiff's causes of action to recover damages for breach of contract and promissory estoppel (see City of New York v Shellbank Rest. Corp., 169 AD3d 581, 582; EMD Constr. Corp. v New York City Dept. of Hous. Preserv. & Dev., 70 AD3d 893, 893-894). Inasmuch as the plaintiff may not maintain causes of action for which she failed to serve a timely notice of claim, we agree with the court's determination directing dismissal of these causes of action (see City of New York v Shellbank Rest. Corp., 169 AD3d at 582; Boakye-Yiadom v Roosevelt Union Free School Dist., 57 AD3d 929, 931).
The plaintiff's remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Administrative Code § 28-304.6.1 and 1 RCNY 103-02 (1) do not violate the plaintiff's substantive right to due process, (2) do not violate the plaintiff's right to equal protection, (3) are not unconstitutionally vague, and (4) are not unconstitutionally retroactive (see Lanza v Wagner, 11 NY2d at 334).
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court