O'Donnell & Sons, Inc. v New York State Dept. of Taxation & Fin. (2021 NY Slip Op 02535)





O'Donnell & Sons, Inc. v New York State Dept. of Taxation & Fin.


2021 NY Slip Op 02535


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-00150
 (Index No. 52772/17)

[*1]O'Donnell & Sons, Inc., etc., appellant, 
v
New York State Department of Taxation and Finance, et al., respondents.


Paul Quartararo, Esq., PLLC (Law Offices of John F. Harnes, PLLC, New York, NY, of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Caroline A. Olsen of counsel), for respondents.



DECISION & ORDER
In a purported class action, inter alia, to recover certain New York State mortgage recording tax payments and for a judgment declaring that New York State federal credit unions and their members are exempt from the imposition of the New York State mortgage recording tax, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated December 6, 2018. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, and denied, as academic, the plaintiff's cross motion for summary judgment declaring that mortgages issued by New York State federal credit unions are exempt from the imposition of the New York State mortgage recording tax.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action for a judgment declaring that mortgages issued by New York State federal credit unions are exempt from the imposition of the New York State mortgage recording tax, and adding thereto a provision deeming that branch of the defendants' motion to be for a declaratory judgment in the defendants' favor, and thereupon granting that branch of the defendants' motion; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that mortgages issued by New York State federal credit unions are not exempt from the imposition of the New York State mortgage recording tax.
The plaintiff commenced this purported class action seeking, inter alia, a declaration that mortgages issued by New York State federal credit unions are exempt from the imposition of the New York State mortgage recording tax. The defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The plaintiff cross-moved for summary judgment declaring that mortgages issued by New York State federal credit unions are exempt from the imposition of the New York State mortgage recording tax. The Supreme Court granted the defendants' motion and denied, as academic, the plaintiff's cross motion.
"[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] [*2]defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations and internal quotation marks omitted]). Applying these principles here, as a matter of law, the defendants were entitled to a declaration in their favor that mortgages issued by New York State federal credit unions are not exempt from the imposition of the New York State mortgage recording tax.
This precise question was decided in Hudson Val. Fed. Credit Union v New York State Dept. of Taxation & Fin. (20 NY3d 1, 13), where the Court of Appeals held that, based on principles of statutory interpretation and the legislative history of the Federal Credit Union Act, mortgages issued by New York State federal credit unions are not exempt from the imposition of the New York State mortgage recording tax. This Court is bound by the Court of Appeals' decision in Hudson Val. Fed. Credit Union, despite conflicting federal intermediate court decisions which post-date it (see People v Jackson, 46 AD3d 1110).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that mortgages issued by New York State federal credit unions are not exempt from the imposition of the New York State mortgage recording tax (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court