50 Clarkson Partners, LLC v Old Republic Natl. Tit. Ins. Co. (2022 NY Slip Op 04144)

50 Clarkson Partners, LLC v Old Republic Natl. Tit. Ins. Co.

2022 NY Slip Op 04144

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2019-08595
 (Index No. 516966/18)

[*1]50 Clarkson Partners, LLC, appellant,
v
Old Republic National Title Insurance Company, respondent.

Berg & David PLLC, Brooklyn, NY (Abraham David and Gordon Speckhard of counsel), for appellant.
Herrick Feinstein LLP, New York, NY (Shivani Poddar and Arthur G. Jakoby of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that losses allegedly incurred by the plaintiff are covered under a title insurance policy issued by the defendant, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated May 30, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action for a judgment declaring that losses allegedly incurred by the plaintiff are covered under a title insurance policy issued by the defendant, and adding a provision thereto deeming that branch of the motion to be for a declaratory judgment in the defendant's favor, and thereupon granting that branch of the defendant's motion; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the losses allegedly incurred by the plaintiff are not covered under the subject title insurance policy.
Pursuant to a purchase and sale agreement, the plaintiff agreed to purchase certain real property in Brooklyn encumbered by a restrictive covenant which included a building height restriction. The plaintiff's obligation to close was subject to a condition precedent that the seller enter into an agreement with the adjacent property owners to modify the restrictive covenant so as to enable the plaintiff to perform certain construction. The seller subsequently executed an agreement to modify the restrictive covenant, and the plaintiff proceeded with the closing. Following the closing, the plaintiff filed a claim with the defendant insurer pursuant to its title insurance policy, asserting that the modified restrictive covenant did not enable the plaintiff to proceed with its construction plans for the property. The defendant disclaimed coverage on grounds including that the claim fell within exclusion 3(a) of the policy, which excluded "[d]efects, liens, encumbrances, adverse claims, or other matters . . . created, suffered, assumed, or agreed to by the Insured Claimant."
In August 2018, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and for a judgment declaring that losses allegedly incurred by the plaintiff were covered under the insurance policy, alleging, among other things, that the modified restrictive covenant was not included in the exemptions from coverage under the policy. Thereafter, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated May 30, 2019, the Supreme Court granted the defendant's motion. The plaintiff appeals.
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). "'Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed'" (Edelman v Berman, 195 AD3d 995, 996, quoting Bodden v Kean, 86 AD3d 524, 526; see Sokol v Leader, 74 AD3d 1180, 1181-1182).
"[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations and internal quotation marks omitted]; see O'Donnell & Sons, Inc. v New York State Dept. of Taxation & Fin., 193 AD3d 1063, 1064-1065).
Here, the defendant's evidentiary submissions demonstrated that the plaintiff's claim fell within exclusion 3(a) of the policy (see Queens Org., LLC v First Am. Tit. Ins. Co., 172 AD3d 932, 933; Inavest Enters. v TRW Tit. Ins. of N.Y., 189 AD2d 111, 113). Thus, the defendant demonstrated that material facts alleged in the plaintiff's complaint were not facts at all, and that no significant dispute exists regarding them (see Mizrahi v US Bank, N.A., 156 AD3d 617, 618).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the defendant established its entitlement to a declaratory judgment in its favor and dismissal of the remaining causes of action pursuant to CPLR 3211(a).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the losses allegedly incurred by the plaintiff are not covered under the subject title insurance policy (see Lanza v Wagner, 11 NY2d 317, 334).
DUFFY, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court