Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk (2023 NY Slip Op 02658)

Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk

2023 NY Slip Op 02658

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-01493
 (Index No. 419/19)

[*1]In the Matter of 22-50 Jackson Avenue Associates, L.P., appellant, 
v
County of Suffolk, et al., respondents.

Certilman Balin Adler & Hyman, LLP, Hauppauge, NY (John M. Wagner of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (E. Christopher Murray of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 17, 2019. The order and judgment, insofar as appealed from, granted those branches of the respondents/defendants' motion which were pursuant to CPLR 3211(a) and, in effect, CPLR 7804(f) to dismiss the first through eleventh causes of action in the petition/complaint, and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the respondents/defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action in the petition/complaint, and adding thereto a provision deeming that branch of the motion to be for a declaratory judgment in the respondents/defendants' favor, and thereupon granting that branch of the motion; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the respondents/defendants, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an amended order and judgment in accordance herewith.
The petitioner/plaintiff, 22-50 Jackson Avenue Associates, L.P. (hereinafter Jackson), commenced this hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief against the Suffolk County Legislature (hereinafter the County Legislature) and the Commissioner of the Suffolk County Department of Public Works (hereinafter the Commissioner), among others. The petition/complaint alleges the following facts: Jackson owns several adjacent parcels of land comprising approximately 452 acres in the Town of Islip in Suffolk County (hereinafter the property). In 2003, Jackson began the process to develop the property into a mixed residential and commercial development named "Heartland Town Square." The property is not located within the geographical boundaries of any sewer district in Suffolk County. However, the former Pilgrim State Psychiatric Center, or a part thereof, was located on a portion of the property, and when it purchased the property Jackson acquired a reserved capacity of a certain amount of sewage flow into Suffolk County Sewer District No. 3 - Southwest (hereinafter the Southwest Sewer District). The reserved capacity represented only a percentage of the estimated sewage flow needed [*2]for Heartland Town Square.
The petition/complaint alleges that, following SEQRA review, a public hearing, and approval by the Town Board of the Town of Islip of the first phase of development, Jackson submitted to the respondent/defendant Suffolk County Sewer Agency (hereinafter the Sewer Agency) an application for "formal approval" to connect the property to the Southwest Sewer District. By resolution dated February 5, 2018, the Sewer Agency, inter alia, granted approval for the connection of the property to the Southwest Sewer District, pending the execution, within one year, of an agreement between Jackson and the Sewer Agency, among others, on terms approved by the Chair of the Sewer Agency. Pursuant to the Code of Suffolk County, the Commissioner serves as the Chair of the Sewer Agency (see Code of Suffolk County § 1118-3).
According to the petition/complaint, on May 15, 2018, a proposed resolution was introduced to the County Legislature which would have empowered the "Administrative Head" of the Southwest Sewer District "to enter into contracts and agreements with the developer for Heartland Town Square upon such terms and conditions as he may deem necessary relating to connections to the District of lands in close proximity to the Southwest Sewer District." The proposed resolution was referred to the respondent/defendant Public Works, Transportation and Energy Committee of the Suffolk County Legislature (hereinafter the Committee) for consideration. At a Committee meeting held on September 24, 2018, a motion was made and seconded to discharge the resolution without recommendation to the full County Legislature. The motion was defeated by a four-to-three vote, thereby preventing a vote by the full County Legislature.
The petition/complaint further alleges that under the relevant laws, charters, and codes, the County Legislature has delegated plenary authority to the Commissioner to negotiate contracts for connections to the Southwest Sewer District, and the County Legislature was without authority or jurisdiction to review or approve of such contracts or determinations of the Sewer Agency approving connections by out-of-district users. Based upon this asserted legal predicate, the first cause of action seeks a declaration, inter alia, that any attempt by the County Legislature to exercise approval over a contract for the connection of the property to the Southwest Sewer District is beyond its authority, and that the Commissioner has plenary authority to negotiate a contract for the connection of the property to the Southwest Sewer District, without legislative approval. The second cause of action and a portion of the eighth cause of action seek CPLR article 78 review of the Committee's September 24, 2018 vote. The third through seventh, a portion of the eighth, and the ninth and tenth causes of action seek to recover damages for violations of various constitutional rights. The eleventh cause of action seeks a judgment declaring that a particular member of the County Legislature must recuse herself from all future proceedings before the County Legislature concerning the subject project.
The respondents/defendants moved to dismiss the petition/complaint pursuant to CPLR 3211(a) and, in effect, CPLR 7804(f), arguing, among other things, that the first cause of action was without merit because the County Code expressly requires the approval of the County Legislature before a property located outside of a sewer district can be connected to the sewer district facility, that relief under CPLR article 78 is not available to review a legislative act, and that the third through eleventh causes of action fail to state a cause of action. The Supreme Court granted the motion, and Jackson appeals.
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (Leon v Martinez, 84 NY2d 83, 87; see CPLR 3026). The court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d at 87-88). Similarly, on a pre-answer motion pursuant to CPLR 7804(f) to dismiss a petition upon objections in point of law, the court must accept as true all allegations contained in the petition and afford the petitioner the benefit of all favorable inferences (see Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 804; Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City, 62 AD3d 1004, 1006). "However, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary [*3]evidence are not entitled to any such consideration" (Maas v Cornell Univ., 94 NY2d 87, 91 [internal quotation marks omitted]; see Myers v Schneiderman, 30 NY3d 1, 11).
Code of Suffolk County (hereinafter Code) § 740-45 authorizes the "Administrator" to consider applications for connections to a County sewer district facility by users outside the geographical boundaries of the district and to negotiate such contracts. Code § 740-45(D) provides that any such contract or agreement "negotiated by the administrative head of any Suffolk County sewer district shall be subject to the final review, approval and ratification of the Suffolk County Legislature." Jackson contends that this subsection applies only to the administrative head of any single sewer district, and not to contracts negotiated by the Commissioner, who is the administrator of all sewer districts. This contention is without merit. Code § 740-45 only authorizes the "Administrator" to negotiate such contracts (see Code § 740-45[A]). The Code defines the "Administrator" as "the administrative head of each and every County sewer district" (Code § 740-1), which the parties agree is the Commissioner (see Code § 1118-3). Accepting Jackson's interpretation of "administrative head" to exclude the Commissioner would render Code § 740-45(D) meaningless, as the Commissioner is the only administrator authorized to negotiate contracts by users outside of the geographical boundaries of a district. Courts are obligated "to harmonize the various provisions of related statutes and to construe them in a way that renders them internally compatible" (Matter of Aaron J., 80 NY2d 402, 407; see Matter of Dutchess County Dept. of Social Servs. v Day, 96 NY2d 149, 153). "A construction rendering statutory language superfluous is to be avoided" (Matter of Branford House v Michetti, 81 NY2d 681, 688). Accordingly, the use of "administrative head" in Code § 740-45(D) must be understood to refer to the Commissioner in his capacity as the administrative head of each and every County sewer district, and, thus, legislative approval is required for such contracts negotiated by the Commissioner.
"A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration" (Staver Co. v Skrobisch, 144 AD2d 449, 450; see Rockland Light & Power Co. v City of New York, 289 NY 45, 51; Neuman v City of New York, 186 AD3d 1523, 1525). "[W]here a cause of action is sufficient to invoke the court's power to 'render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy' (CPLR 3001), a motion to dismiss that cause of action should be denied" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150 [internal citation omitted]; see Rockland Light & Power Co. v City of New York, 289 NY at 51; Neuman v City of New York, 186 AD3d at 1525). Here, the first cause of action in the petition/complaint adequately sets forth a cause of action for declaratory relief.
However, "upon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented" (Neuman v City of New York, 186 AD3d at 1525 [internal quotation marks omitted]; see Garcia v New York City Dept. of Health & Mental Hygiene, 31 NY3d 601, 621 n 4; St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ., 20 NY2d 317, 325; Lanza v Wagner, 11 NY2d 317, 334; Hoffman v City of Syracuse, 2 NY2d 484, 487). "Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d at 1525 [internal quotation marks omitted]; see Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d 748, 752-753; O'Donnell & Sons, Inc. v New York State Dept. of Taxation & Fin., 193 AD3d 1063, 1064). Here, since no questions of fact were presented by the first cause of action and the respondents/defendants demonstrated that Jackson was not entitled to a favorable declaration on the law, the Supreme Court should have deemed that branch of the motion which was to dismiss the first cause of action to be for a declaratory judgment in favor of the respondents/defendants, and thereupon granted it (see St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ., 20 NY2d at 325; O'Donnell & Sons, Inc. v New York State Dept. of Taxation & Fin., 193 AD3d at 1065). Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a declaratory judgment on the first cause of action in favor of the respondents/defendants.
The Supreme Court properly granted that branch of the motion which was to dismiss the second cause of action, seeking CPLR article 78 review of the September 24, 2018 vote of the Committee, and so much of the eighth cause of action as sought to annul and set aside that determination, as article 78 review is unavailable to challenge the validity of the legislative act at issue here (see Matter of Council of City of N.Y. v Bloomberg, 6 NY3d 380, 388; New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 203-204; Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202; South Liberty Partners, L.P. v Town of Haverstraw, 82 AD3d 956, 958).
The Supreme Court properly granted that branch of the motion which was to dismiss the eleventh cause of action. Even assuming that it would be within the court's authority to declare that a particular member of a legislature must recuse herself from future proceedings, the petition/complaint failed to allege any specific conflict of interest or bias (see Matter of Byer v Town of Poestenkill, 232 AD2d 851, 853; cf. Matter of Titan Concrete, Inc. v Town of Kent, 202 AD3d 972, 975), and failed to allege the existence of a justiciable controversy (see generally Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 518; Premier Restorations of N.Y. Corp. v New York State Dept. of Motor Vehs., 127 AD3d 1049; Matter of United Water New Rochelle v City of New York, 275 AD2d 464, 466).
Contrary to Jackson's contention, the Supreme Court properly concluded that the facts alleged in the third through seventh, ninth, and tenth causes of action, and so much of the eighth cause of action as sought to recover money damages in relation to the Committee's September 24, 2018 vote, failed to fit within any cognizable legal theory. Jackson's contention that it should be permitted to replead any deficiencies in the petition/complaint, raised for the first time on appeal and in reply, is not properly before this Court (see Bennett v State Farm Fire & Cas. Co., 137 AD3d 731, 732).
In light of our determination, we do not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court