Feldman v Nassau Life Ins. Co. (2024 NY Slip Op 00890)

Feldman v Nassau Life Ins. Co.

2024 NY Slip Op 00890

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2022-02739
 (Index No. 509409/21)

[*1]Jacob Feldman, appellant, 
v
Nassau Life Insurance Company, etc., respondent.

Lipsius-BenHaim Law, LLP, Kew Gardens, NY (David BenHaim of counsel), for appellant.
Bond, Schoeneck & King PLLC, New York, NY (Mark A. Berman of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that a certain life insurance policy is in full force and effect, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated March 10, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint, and adding thereto a provision deeming the motion to be for a judgment declaring that a certain life insurance policy is no longer in full force and effect, and thereupon granting the defendant's motion; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the life insurance policy is no longer in full force and effect.
In 2008, the defendant issued a life insurance policy to the plaintiff insuring the life of Henrich Feldman in the face amount of $3,000,000 (hereinafter the subject policy). The subject policy provided, in relevant part, that if the policy went into default for nonpayment of the premium, the plaintiff was entitled to a 61-day grace period from the date of default to pay the premium. The subject policy further provided that "[i]f the necessary additional premium payments have not been received by the end of the grace period, the policy will terminate." In July 2019, the defendant allegedly sent a notice to the plaintiff informing him that the subject policy was entering the 61-day grace period due to nonpayment of a premium and that if the plaintiff did not make payment of the required premium on or before the end of the grace period on September 30, 2019, the subject policy would terminate or lapse. Thereafter, the defendant allegedly sent another notice to the plaintiff again informing him that the subject policy would terminate or lapse if the defendant did not receive payment of the required premium on or before September 30, 2019. According to the defendant, it did not receive payment of the required premium on or before September 30, 2019, and therefore the subject policy terminated.
The plaintiff commenced this action for a judgment declaring that the subject policy is in full force and effect. The plaintiff alleged, inter alia, that he had timely made the premium [*2]payment by mailing a check to the defendant on or about September 15, 2019, approximately two weeks prior to the date that the defendant had indicated that the premium payment was due. The defendant moved pursuant to CPLR 3211(a) to dismiss the amended complaint. In support of the motion, the defendant submitted, among other things, a policy form that governed the subject policy, the notices of nonpayment of the premium that the defendant allegedly sent to the plaintiff, and an envelope addressed to the defendant that was postmarked in October 2019 in which the check for the plaintiff's premium payment had been enclosed. The plaintiff opposed the motion. The Supreme Court granted the defendant's motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d 860, 861 [internal quotation marks omitted]). Where, as here, "evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate" (Gruber v Donaldsons, Inc., 201 AD3d 887, 888 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations and internal quotation marks omitted]; see O'Donnell & Sons, Inc. v New York State Dept. of Taxation & Fin., 193 AD3d 1063, 1064).
Here, the defendant's evidentiary submissions demonstrated that the initial notice and the second notice indicating that the subject policy would terminate or lapse for nonpayment of the premium unless payment was received on or before the end of the grace period, which the plaintiff does not dispute were mailed to him on July 31, 2019, and August 30, 2019, respectively, complied with the terms of the subject policy and Insurance Law §§ 3211(a) and (b). The defendant's evidence further demonstrated that the defendant did not receive the premium payment by the end of the grace period on September 30, 2019, and that the subject policy was therefore properly terminated on that date. Contrary to the plaintiff's contention, the date that he allegedly mailed the check for the premium payment is not relevant because the subject policy provided that payment had to be received by the defendant before the end of the grace period (see generally Fidelity Natl. Title Ins. Co. v Regent Abstract Servs., Ltd., 70 AD3d 447, 448). Further, the plaintiff's allegation in the amended complaint that the premium payment amount that the defendant had requested was significantly higher than the amount that was owed under the subject policy was conclusory and speculative. "Conclusory allegations or bare legal assertions with no factual specificity are not sufficient, and will not survive a motion to dismiss" (Polite v Marquis Marriot Hotel, 195 AD3d 965, 967 [internal quotation marks omitted]; see Isnady v Walden Preserv., L.P., 208 AD3d 564, 567). Thus, the defendant demonstrated that the material facts alleged in the plaintiff's amended complaint were not facts at all, and that no significant dispute exists regarding them (see Isnady v Walden Preserv., L.P., 208 AD3d at 567; 50 Clarkson Partners, LLC v Old Republic Natl. Tit. Ins. Co., 206 AD3d 956, 958).
Accordingly, the Supreme Court should have deemed the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint to be for a judgment declaring that the life insurance policy is no longer in full force and effect, and thereupon granted the motion (see Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d 943, 947; Minovici v Belkin BV, 109 AD3d 520, 524).
The plaintiff's remaining contentions either are without merit or have been rendered [*3]academic.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the subject policy is no longer in full force and effect (see Lanza v Wagner, 11 NY2d 317, 334; Hanover Ins. Co. v Catlin Specialty Ins. Co., 218 AD3d 754, 756).
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court