Rosas v Morales (2025 NY Slip Op 00689)

Rosas v Morales

2025 NY Slip Op 00689

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LOURDES M. VENTURA, JJ.

2023-00334
 (Index No. 602196/22)

[*1]Edmundo Rosas, et al., respondents,
v
Bernardo Morales, appellant.

Nica B. Strunk PLLC, Southampton, NY (Danielle B. Laibowitz of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiffs are the owners of certain real property by adverse possession, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated November 30, 2022. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action is granted, that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action is deemed to be for a judgment declaring that the plaintiffs are not the owners of the subject real property by adverse possession, that branch of the motion is thereupon granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment making the appropriate declaration in favor of the defendant in accordance herewith.
In 2022, the plaintiffs commenced this action, asserting two causes of action. The first cause of action is for a judgment declaring that the plaintiffs are the owners of certain real property by adverse possession. The second cause of action is for an injunction preventing the defendant from transferring or encumbering the subject property. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated November 30, 2022, the Supreme Court denied the motion. The defendant appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Jesberger v CVS Health Solutions, LLC, 222 AD3d 849, 849 [internal quotation marks omitted]; see Kwan v Kuie Chin Yap, 220 AD3d 715, 716). Further, "where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Matter of Chet's Garage, Inc. v Village of Goshen, 161 AD3d 727, 731).
"To establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous [*2]for the statutory period" (169 MLS Realty Corp. v One 69 Skill Corp., 197 AD3d 1079, 1081 [internal quotation marks omitted]). "To establish the 'exclusivity' element, the adverse possessor must alone care for or improve the disputed property as if it were his/her own" (Estate of Becker v Murtagh, 19 NY3d 75, 83). "The focus is on whether the party claiming title by adverse possession exercised exclusive possession and control of the property" (id.).
Here, the defendant's evidentiary submissions in support of his motion conclusively demonstrated that a material fact as claimed by the plaintiffs was "not a fact at all" (Guggenheimer v Ginzburg, 43 NY2d 268, 275), as the defendant's submissions negated the exclusivity element of the plaintiffs' cause of action for a judgment declaring that they acquired the subject real property by adverse possession.
"[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations and internal quotation marks omitted]; see O'Donnell & Sons, Inc. v New York State Dept. of Taxation & Fin., 193 AD3d 1063, 1064-1065). Applying these principles here, the defendant is entitled to a declaration in his favor on the cause of action sounding in adverse possession. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiffs are not the owners of the subject real property by adverse possession (see Lanza v Wagner, 11 NY2d 317, 334; MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d 860, 860).
The defendant's remaining contentions need not be reached in light of the foregoing determination.
DILLON, J.P., GENOVESI, CHAMBERS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court